## MICKLE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 4, 1907.)

No. 2,582.

1. CRIMINAL LAW—TRIAL—DIRECTION OF VERDICT.

The evidence in every criminal case should be sufficient to warrant a reasonable conclusion of the defendant's guilt, otherwise it is the duty of the court to instruct a verdict in his favor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1727–1729.]

2. LARCENY—SUFFICIENCY OF EVIDENCE.

A verdict of conviction in a prosecution for larceny *held* not supported by any legal evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Larceny, §§ 164–169.]

In Error to the United States Court of Appeals in the Indian Territory.

P. D. Brewer and Guy L. Andrews, for plaintiff in error.

T. B. Latham, U. S. Atty.

Before VAN DEVANTER and ADAMS, Circuit Judges, and RINER, District Judge.

RINER, District Judge. The plaintiff in error, Ed Mickle, was indicted by the grand jury sitting within and for the central district of the Indian Territory for the larceny of four hogs, the property of Enoch Kindle. The indictment was returned on the 15th of November, 1904, and charged that the larceny was committed on the 20th of December, 1902. A trial was had on the 15th of March, 1905, the plaintiff in error convicted and sentenced to two years in the penitentiary. He filed a motion for a new trial, which was overruled. He then took an appeal to the United States Court of Appeals in the Indian Territory (98 S. W. 349), which affirmed the judgment of the trial court, and the case is brought here upon a writ of error to that court.

Several errors are assigned; but in the view we have taken of this case it will only be necessary to notice the third, which is as follows: "Third, the court erred in failing to instruct the jury to acquit the defendant." The rule is, as often declared, that this court will not weigh the evidence to pass upon conflicts therein, but will look into it only to see whether there was error in not directing a verdict, because there was no evidence to sustain the verdict rendered. We have carefully read all of the testimony submitted, and are of opinion that the most that can be said for it is, that possibly it might raise a conjecture or suspicion unfavorable to the defendant. But evidence only sufficient for this purpose is not legal evidence, for the jury must be governed by the evidence of facts upon which the suspicion is based, not by the suspicion itself. The evidence in every criminal case should be sufficient to warrant a reasonable conclusion of the defendant's guilt. Otherwise it is the duty of the court to instruct a verdict in his favor. While it is true we find a statement in the bill of exceptions that "the

above is all of the evidence offered by either side in the case," and to which statement the district attorney added the following: "I think the foregoing states fairly well the evidence as corrected as it was given in the trial of the case"—yet the transcript of the evidence as contained in the record does not suggest a careful or accurate stenographic report of the testimony, and possibly there are omissions of evidence upon which the able and learned judge of the lower court acted. However this may be, with this statement in the record, we are governed by the record as we find it. Our conclusion is that there was no evidence to sustain the verdict rendered, and that the trial court should have instructed the jury to return a verdict for the defendant.

The judgment of the United States Court for the Central District of the Indian Territory, and the judgment of the United States Court of Appeals in the Indian Territory, which affirmed the judgment of the trial court, are reversed, and this case is remanded to the United States court for the Central District of the Indian Territory, with instructions to grant a new trial.